This was an application for a Writ of Error to a judgment of the Superior Court of West-moreland county. The petitioner was Indicted for Malicious Stabbing, and was convicted, and sentenced to one year’s imprisonment in the Penitentiary. The offence *134 was charged in the Indictment to have been committed on the 29th March, 1817, and the Trial was had on the 17th April, 1817. The error assigned in the petition was, that the Act of Assembly by which Malicious Stabbing was punishable as Felony, and which was in force on the 29th March, ceased to be in existence on the 1st April, 1817, being expressly repealed from and after that day, by the Act passed on the 20th February, 1817 ; that, consequently, at the time of the Trial, there was no Raw by which he could be punished as for a Felony, the offence at Common Law being merely a Misdemeanor.-
To understand this Case, it is necessary to refer to, and recite the several Acts of Assembly on the subject. By *an Act passed in 1792, section 1, certain mayhems were declared to be Felony, and by the second section, the shooting, or stabbing, with intent to maim, disfigure, or kill, were also declared to be Felony, (a) By the Penitentiary Law, passed in 1796, certain enumerated mayhems were punishable by confinement in the Penitentiary for a term not less than two, nor more than ten years, and by fine not exceeding a thousand dollars, (b) By another Act, passed in 1803, (c) the malicious biting off a nose, ear, or lip, or biting off, or disabling any limb, or member of another, with intention to kill, maim, or disfigure, was punishable with confinement in the Penitentiary, for a term not less than two, nor more than ten years, and by fine not exceeding a thousand dollars. By the 3d section, it is declared that “whosoever shall wilfully, maliciously, and of purpose stab, or shoot another, with intention in so doing, to maim, disfigure, disable, or kill, &c.” shall be punishable in the same manner. It was this Law under which the prisoner was Indicted. An Act passed on the 20th February, 1817, intituled, “ An Act to amend and reduce into one, the several Acts against malicious shooting, stabbing, maiming, and disfiguring, and for other purposes.” (d) The object of this Law, was to punish unlawful, as well as malicious mayhems, and to reduce all the scattered provisions respecting malicious mayhems, under one head. By the 2d section thereof, the offence of malicious stabbing was designated by the same terms, and punishable exactly in the same way as by the 3d section of the Act of 1803. By the 5th section, the before recited Acts of 1792, of 1796, § 10, and so much of the Act of 1803, as comes within the purview of this Act, were repealed, but there was no proviso exempting offences previously committed from the, operation of the repeal. The Act commenced from and after the 1st day of April, 1817.
The Court gave no written opinion, but the Authorities were examined, and duly weighed by them. According to Hale, if an offence be made Treason or Felony, by Act of Parliament, and then the Act be repealed, the of-fences committed before such repeal, and the proceedings thereupon are discharged by such repeal, and cannot be proceeded *upon after such repeal, unless a special clause in the Act of repeal be made, enabling such proceeding, after the repeal, for offences committed before, (e) The same doctrine may be seen in Bacon, and in several reported Cases, (f) The only difficulty in this Case was, that the repeal effected no change in the Law, in this particular: for, the offence of malicious stabbing, and the punishment thereof, were precisely the same by the latter Law as the former; after, as before, the 1st April. Notwithstanding which, the whole Court were of opinion, that, in consequence of the express repeal of the former Law, no proceedings could now be had for any offence committed before its repeal, because the Act did not authorise them.
The following entry was made, and' judgment rendered :
“ This day came the Attorney General, in proper person, and the Prisoner, by Richard E. Parker, Esq. his Attorney, and the Attorney General agreed to depense with the Execution, and Return of the Writ of Error awarded by the Court, on the second day of this Term, and to receive the Transcript of the Record certified by the Clerk of the Superior Court of ' Westmoreland, upon inspection whereof the Writ of Error had been awarded, as if it had been duly certified by the Judge on the return of the Writ; and he further agreed to receive the errors set forth in the Plaintiff’s petition, instead of a formal assignment of errors ; and thereto he pleaded, that there is no error in the said Record of the Proceedings, and judgment of the Superior Court of Law of the county of Westmoreland, and this he is ready to verify,” &c. To which the Plaintiff replied, that there is error in the said Record, in manner and form, as in his Assignment is set forth, and this he prays may be enquired of by the Court, and the Attorney General likewise.
And thereupon the Transcript of the Record'of the Judgment and Proceedings aforesaid, being seen and inspected, and due consideration had thereof: “ It seems to the Court, that there is error in the judgment in this, that the prisoner was Indicted, tried, convicted, and sentenced to punishment in the Penitentiary-house on the 17th April *last, for malicious stabbing, by virtue of the Act of 1803, when in truth there was then no such Act in force, the same having been wholly repealed by an Act passed on the 20th February, 1817, intituled, “ An Act, &c.” which took effect on the first day of the said month of April. , Wherefore it is considered, that the said judgment be reversed and annulled, and this Court proceeding to give such judgment as the said Superior Court of Westmoreland should have given, doth consider that the said Charles D. *135 Scutt be acquit of the matters alleged against him in the Indictment, and go thereof without day.
At the same Term there were two adjourned Cases, one from Goochland Superior Court, in the Case of The Commonwealth v. Henry Weldy, the other from Henrico, The Commonwealth v. Ben Winston, in which the same question, arising under the same Raw, was sent to this Court, for its advice and judgment. The Cases were all considered together, and the decision was the same.

 1 Rev. Code of 1792, ch. 99, § 1 and 2.

 lb. ch. 200, § 10.

 2 Rev. Code of 1808, ch. 16, § 2 and 3.

 Acts of 1816, ch. 15, p. 21.

 1 Hale’s H. P. C. p. 291, 309.

 1 Wm. Black. 451; 4 Dallas, 372, U. S. v. Pass-more : 6 Bac. Ab. Wilson’s ed. p. 372, “Statute,” D.